DAVID E. CRANSTON (SBN 122558)
DCranston@GreenbergGlusker.com
SEDINA L. BANKS (SBN 229193)
SBanks@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
UNION PACIFIC RAILROAD COMPANY



E-Filing
Filed
JAN 15 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,

    Plaintiff,

v.

CITY OF SAN JOSE and DOES 1 through 10, inclusive,

    Defendant.

Case No. C10-00210 RS HRL

**COMPLAINT**

(1) COST RECOVERY UNDER CERCLA, 42 U.S.C. § 9607(a)(4)(B); (2) DECLARATORY RELIEF UNDER CERCLA, 42 U.S.C. § 9607(a)(4)(B); (3) CONTRIBUTION/INDEMNITY UNDER HSAA, CAL. HEALTH & SAFETY CODE § 25300, *et seq.*; (4) DECLARATORY RELIEF UNDER HSAA, CAL. HEALTH & SAFETY CODE § 25300, *et seq.*; (5) NUISANCE; (6) TRESPASS; (7) WRONGFUL USE AND OCCUPATION; (8) NEGLIGENT INTERFERENCE WITH ECONOMIC ADVANTAGE; AND (9) DECLARATORY RELIEF

**DEMAND FOR JURY TRIAL**

COMPLAINT

88151-00026/1717263.2



Plaintiff, Union Pacific Railroad Company ("Union Pacific"), alleges as follows:

## JURISDICTION

1. This Court has federal question jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331. This Court also has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess of $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

2. Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper in this District because the releases or threatened releases of hazardous substances that give rise to the claims herein occurred in this District.

## PARTIES

3. Union Pacific is a Delaware Corporation, having its principal place of business in Nebraska.

4. Union Pacific is informed and believes, and thereon alleges, that Defendant City of San Jose ("City") is, and at all relevant times was, a municipal corporation duly organized and existing under and by virtue of the laws of the State of California.

5. Union Pacific is ignorant of the true names and capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Union Pacific will seek leave to amend this Complaint to set forth the true names and capacities of said defendants when the same may be ascertained. Union Pacific is informed and believes that each of said fictitiously named defendants is in some manner liable for the conduct, acts and injuries set forth herein.

88151-00026/1717263.2

## FACTUAL ALLEGATIONS

6. Union Pacific is the current owner of certain real property commonly known as the Story Road Union Pacific Railroad Spur, located between the intersection of Senter and Story Road, in San Jose, California (the "Property").

7. Union Pacific is informed and believes, and thereon alleges, that the City is or was the owner of certain real property commonly known as the Story Road landfill (the "Landfill"). The Landfill is located adjacent to the Property.

8. Union Pacific is informed and believes, and thereon alleges, that the City formerly operated, used and/or maintained the Landfill as a municipal landfill from in or around 1961 until its closure in or around 1969.

9. In or around late 2007, Union Pacific entered into a purchase and sale agreement with a prospective buyer (the "Buyer") to purchase the Property. The sale was contingent upon the Buyer conducting an environmental assessment of the Property and approving the environmental conditions disclosed by the environmental assessment.

10. Union Pacific is informed and believes, and thereon alleges, that in or around early 2008, the Buyer conducted the environmental assessment including excavating test pits near the boundary of the Property and the Landfill to evaluate for the potential presence of waste extending into the Property from the Landfill.

11. Union Pacific is informed and believes, and thereon alleges, that the environmental assessment discovered that waste materials from the Landfill ("Waste") including, without limitation, construction debris, glass, plastic, oil residues, and hazardous substances have encroached or migrated upon or to the Property, extending along the boundary of the Landfill and the Property.

12. Union Pacific is informed and believes, and thereon alleges, that the encroachment or migration of the Waste at, on and/or under the Property has been ongoing and continuous.

88151-00026/1717263.2

13. Union Pacific is informed and believes, and thereon alleges, that as a result of the presence of the Waste at, on and/or under the Property, the Buyer terminated its contract to purchase the Property. As a proximate result of this lost sale, Union Pacific has sustained and will continue to sustain substantial damages, including lost profits. Union Pacific is informed and believes, and thereon alleges, that it will continue to sustain these damages if the City does not abate the encroachment or migration of the Waste at, on and/or under the Property.

14. Union Pacific has also incurred and will incur costs in connection with removing the Waste and cleaning up the Property, including, without limitation, site assessment, site characterization, site investigation, and cleanup costs in connection with the Waste from the Landfill. Union Pacific is also informed and believes, and thereon alleges, that the Waste will need to be removed and clean soil imported to make the Property capable of being sold or developed.

15. On or about July 18, 2008, Union Pacific presented a claim to the City by mailing a claim to the City Clerk for the damages suffered and/or incurred by Union Pacific as described herein, in compliance with the requirements of the California Government Code Sections 900 *et. seq*.

16. The City sent Union Pacific a "Notice of Insufficiency" dated July 23, 2008. On or about August 6, 2008, Union Pacific responded to this notice and sent a copy of the response to the City Clerk for inclusion in Union Pacific's claim file pursuant to California Government Code Section 910.6.

17. The City failed to act on the claim within the period of 45 days after its presentation, and the claim was thus deemed rejected under the provisions of California Government Code Section 912.4.

18. The City did not send Union Pacific written notice of its rejection of the claim or notice of its inaction on the claim pursuant to California Government Code Section 913.

88151-00026/1717263.2

## FIRST CLAIM FOR RELIEF

(Cost Recovery Under CERCLA, 42 U.S.C. § 9607(a)(4)(B))

19. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth herein.

20. The City is a "person" within the meaning of Section 101(21) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601(21).

21. The Landfill is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

22. Union Pacific is informed and believes, and thereon alleges, that releases or threatened releases of hazardous substances have occurred at and from the Landfill and to the environment within the meaning of CERCLA §§ 101(14) and 101(22), 42 U.S.C. §§ 9601(14) and 9601(22).

23. Union Pacific is informed and believes, and thereon alleges, that the City currently owns or operates the Landfill and therefore is liable under CERCLA § 107(a)(1), 42 U.S.C. § 9607(a)(1), as the current "owner" and "operator" of the Landfill.

24. Union Pacific is informed and believes, and thereon alleges, that the City owned or operated the Landfill at the time of disposal of hazardous substances. Therefore, the City is liable under CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2), as the "owner" or "operator" of the Landfill at the time of "disposal" of a hazardous substance.

25. In connection with the releases or threatened releases of hazardous substances, Union Pacific has incurred "necessary costs of response" within the meaning of CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4). Union Pacific will continue to incur response costs, including, but not limited to, site assessment, site characterization, site investigation, monitoring and remedial costs in connection with

5  COMPLAINT

88151-00026/1717263.2

the releases or threatened releases of hazardous substances at, to or from the Landfill, and the environment.

26. Union Pacific has incurred and will incur the response costs in a manner consistent with the National Contingency Plan, 40 C.F.R. part 300.

27. Pursuant to Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), the City is liable to Union Pacific for response costs incurred by Union Pacific in connection with the releases or threatened releases of hazardous substances at, on, to, or from the Landfill, and the environment.

## SECOND CLAIM FOR RELIEF
### ((Declaratory Relief Under CERCLA, 42 U.S.C.§ 9607(a))

28. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29. An actual controversy now exists between Union Pacific, on the one hand, and the City, on the other hand, in that Union Pacific contends, and Union Pacific is informed and believes, and thereon alleges, that the City denies the following:

    a. That the City's releases and threatened releases of hazardous substances during the City's ownership of and/or operations at the Landfill have resulted in the contamination of the Property, and the environment, including groundwater; and

    b. That the City is a person liable under CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), to Union Pacific for any necessary costs of response Union Pacific may incur or be found liable for in connection with the releases of hazardous substances at or from the Landfill, including the encroachment or migration of Waste onto the Property, and for such other relief as the Court deems just and proper.

88151-00026/1717263.2

30. Union Pacific desires a judicial determination of the respective rights and obligations of Union Pacific and the City with respect to the response and other costs, damages or specific relief with respect to the contamination as alleged herein.

31. A declaratory judgment is necessary and appropriate because it will obviate multiple lawsuits as Union Pacific incurs costs investigating and/or cleaning up the Property and the environment, thereby providing a complete resolution of the differences between the parties in this action.

## THIRD CLAIM FOR RELIEF

(Contribution/Indemnity Under HSAA, California HSC § 25300, et seq.)

32. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33. Section 25323.5(a) of the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA," California Health and Safety Code ("HSC") section 25300, *et seq.*) defines a "liable person" to mean a person described in section 107 of CERCLA, 42 U.S.C. § 9607(a). The City is a "person" covered by CERCLA § 107, and is therefore a "liable person" under the HSAA who is liable to Union Pacific for response costs and other damages.

34. The Landfill is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9). Accordingly, the Landfill is a "site" as defined by the HSAA, HSC § 25323.9.

35. Union Pacific is informed and believes, and thereon alleges, that some of the Waste released at the Landfill and to the environment are listed and designated as "hazardous substances" pursuant to the Solid Waste Disposal Act, 42 U.S.C. § 6921, and/or CERCLA § 102, 42 U.S.C. § 9602. Accordingly, the substances released at the Landfill and to the environment therefrom are "hazardous substances" as defined by the HSAA, HSC § 25316.

36. Union Pacific is informed and believes, and thereon alleges, that the releases of hazardous substances at and from the Landfill, including the encroachment or migration of Waste on or to the Property, arose from violations of state or federal law in existence and in effect at the time the violations occurred.

37. Union Pacific has incurred costs of response to address such hazardous substances, including, without limitation, property assessment and characterization costs. Union Pacific will continue to incur response costs, including, but not limited to, site assessment, site characterization, site investigation, monitoring and remedial costs in connection with the releases or threatened releases of hazardous substances at, to or from the Landfill, and the environment. Pursuant to the HSAA, HSC § 25363, the City is strictly liable for the response costs that have and will be incurred by Union Pacific in a manner consistent with CERCLA and/or Chapter 6.8 of the HSAA.

38. Notice of Commencement of this action shall be given to the Director of the Department of Toxic Substances Control pursuant to the HSAA, HSC § 25363(e) upon the filing of this complaint.

39. Union Pacific seeks contribution and/or indemnity for all response costs pursuant to the HSAA, HSC § 25363, which provides that "[a]ny person who has incurred removal or remedial action costs in accordance with this chapter or the federal act may seek contribution or indemnity from any person who is liable pursuant to this chapter."

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment Under HSAA, California HSC § 25300, *et seq.*)**

40. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

88151-00026/1717263.2

41. An actual controversy now exists between Union Pacific, on the one hand, and the City, on the other hand, in that Union Pacific contends, and Union Pacific is informed and believes, and thereon alleges, that the City denies the following:

    a. That the City's releases and threatened releases of hazardous substances during the City's ownership of and/or operations at the Landfill have resulted in the contamination of the Property, and the environment, including groundwater; and

    b. That the City is a person liable under the HSAA, HSC § 25300, *et seq.*, to Union Pacific for any costs or expenditures Union Pacific may incur or be found liable for in connection with the Landfill, and for such other relief as the Court deems just and proper.

42. Union Pacific desires a judicial determination of the respective rights and obligations of Union Pacific and the City with respect to the response costs and other costs, expenditures, damages or specific relief with respect to the contamination as alleged herein.

43. Pursuant to the HSAA, HSC § 25363, a declaratory judgment is necessary and appropriate because it will obviate multiple lawsuits as Union Pacific incurs costs investigating and/or cleaning up the Property and the environment, thereby providing a complete resolution of the differences between the parties in this action.

## FIFTH CLAIM FOR RELIEF
### (Nuisance)

44. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 43, inclusive, of this Complaint as though fully set forth herein.

88151-00026/1717263.2

45. Union Pacific is informed and believes, and thereon alleges, that the City has occupied, used, owned and/or controlled, and/or occupies, uses, owns and/or controls the Landfill.

46. As alleged herein, Union Pacific is informed and believes, and thereon alleges, that during its ownership of the Landfill and activities on, about, around and/or at the Landfill, the City has been and is creating a condition which constitute a nuisance within the meaning of California Civil Code Section 3479 by releasing Waste at or from the Landfill onto the Property, failing to prevent the release of Waste at or from the Landfill onto the Property and/or failing to abate the encroachment or migration of Waste at, on and/or under the Property.

47. Union Pacific is informed and believes, and thereon alleges that, by creating or contributing through its action or failure to act the conditions described herein, the City has been and is creating conditions which have been and are interfering with and precluding Union Pacific's free use and enjoyment of the Property; has been and are creating conditions which are noxious and injurious to health; and has been and is threatening to impair and injure the health of individuals who would conduct business, visit or otherwise make use of the Property.

48. Union Pacific is informed and believes, and thereon alleges, that the release of Waste at or from the Landfill onto the Property occurred as a direct and proximate result of the City's operations, maintenance and/or use at, on and/or near the Landfill and/or the Property and/or its failure to abate the encroachment or migration of Waste. Union Pacific is informed and believes, and thereon alleges, that the City has failed to, and continues to fail to abate, stop, and/or remedy the release of Waste at or from the Landfill onto the Property.

49. As a proximate and foreseeable result of the nuisance created by the City, Union Pacific has been and will be damaged in that the City's conduct has interfered with Union Pacific's free use and enjoyment of the Property including, without limitation, renting, leasing and/or selling it at its fair market value without

88151-00026/1717263.2

the Waste, redeveloping it, and other uses which cannot yet be precisely ascertained. Union Pacific is informed and believes, and thereon alleges, that as a result of the Waste, the Buyer terminated its contract to purchase the Property, and as a proximate result of this lost sale, Union Pacific has sustained and will continue to sustain substantial damages, including lost profits. Union Pacific has also incurred and will incur costs in connection with removing the Waste and cleaning up the Property, including, without limitation, site assessment, site characterization, site investigation, and cleanup costs in connection with the Waste from the Landfill. Union Pacific is informed and believes, and thereon alleges, that the Waste will need to be removed and clean soil imported to make the Property capable of being sold or developed. Union Pacific's damages are in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Trespass)

50. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. Union Pacific is informed and believes, and thereon alleges, that the City has caused Waste to be released at or from the Landfill onto the Property, failed to prevent release of Waste at or from the Landfill onto the Property and/or failed to abate the encroachment or migration of Waste at, on and/or under the Property. These actions constitute a trespass.

52. At all relevant times herein, the City had a duty not to permit or allow the creation or continuance of such trespass. The City violated said duty by allowing and/or failing to prevent the release of Waste at or from the Landfill onto the Property.

88151-00026/1717263.2

53. The City was not authorized to release Waste at or from the Landfill onto the Property.

54. The release of Waste at or from the Landfill onto the Property has interfered with and continues to interfere with Union Pacific's free use and comfortable enjoyment of the Property.

55. As a proximate result of the City's trespasses, the Property has been damaged. Union Pacific has been and will continue to be damaged in that the City's trespasses have interfered and continue to interfere with Union Pacific's free use and enjoyment of the Property including, without limitation, renting, leasing and/or selling it at its fair market value without the Waste, redeveloping it, and other uses which cannot yet be precisely ascertained. Union Pacific is informed and believes, and thereon alleges, that as a result of the Waste, the Buyer terminated its contract to purchase the Property, and as a proximate result of this lost sale, Union Pacific has sustained and will continue to sustain substantial damages, including lost profits. Union Pacific has also incurred and will incur costs in connection with removing the Waste and cleaning up the Property, including, without limitation, site assessment, site characterization, site investigation, and cleanup costs in connection with the Waste from the Landfill. Union Pacific is informed and believes, and thereon alleges, that the Waste will need to be removed and clean soil imported to make the Property capable of being sold or developed. Union Pacific's damages are in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

**(Wrongful Use and Occupation)**

56. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 55, inclusive, of this Complaint as though fully set forth herein.

88151-00026/1717263.2

57. Union Pacific is informed and believes, and thereon alleges, that the actions of the City by releasing Waste at or from the Landfill onto the Property, failing to prevent the release of Waste at or from the Landfill onto the Property and/or failing to abate the encroachment or migration of Waste at, on and/or under the Property constitutes a wrongful use and occupation of the Property under California Civil Code Section 3334.

58. The City was not authorized to release Waste at or from the Landfill onto the Property.

59. As a direct and proximate result of the City's wrongful use and occupation of the Property, Union Pacific has been and will continue to be damaged in that the City's wrongful use and occupation of the Property interfered and continues to interfere with Union Pacific's free use and enjoyment of the Property including, without limitation, renting, leasing and/or selling it at its fair market value without the Waste, redeveloping it, and other uses which cannot yet be precisely ascertained. Union Pacific is informed and believes, and thereon alleges, that as a result of the Waste, the Buyer terminated its contract to purchase the Property, and as a proximate result of this lost sale, Union Pacific has sustained and will continue to sustain substantial damages, including lost profits. Union Pacific has also incurred and will incur costs in connection with removing the Waste and cleaning up the Property, including, without limitation, site assessment, site characterization, site investigation, and cleanup costs in connection with the Waste from the Landfill. Union Pacific is informed and believes, and thereon alleges, that the Waste will need to be removed and clean soil imported to make the Property capable of being sold or developed.

60. Union Pacific is entitled to recover the value of the use of the Property and the reasonable cost of repair or restoration of the Property to its original condition. Union Pacific's damages are in an amount to be proven at trial.

88151-00026/1717263.2

## EIGHTH CLAIM FOR RELIEF

### (Negligent Interference with Economic Advantage)

61. Union Pacific incorporates by reference the allegations contained in paragraphs 1 through 59, inclusive, of this Complaint as though fully set forth herein.

62. Union Pacific is informed and believes, and thereon alleges, that the City's action in releasing Waste at or from the Landfill onto the Property, failing to prevent the release of Waste at or from the Landfill onto the Property and/or failing to abate the encroachment or migration of Waste at, on and/or under the Property constitutes negligent interference with economic advantage.

63. As discussed herein, Union Pacific entered into a purchase and sale agreement with the Buyer to purchase the Property, which would have resulted in an economic benefit to Union Pacific. The sale was contingent upon the Buyer conducting an environmental assessment of the Property and approving the environmental conditions disclosed by the environmental assessment.

64. Union Pacific is informed and believes, and thereon alleges, that the City knew or should have known that Union Pacific would sell or lease the Property and could reasonably foresee that the Waste would impair Union Pacific's ability to sell or lease the Property, and owed a duty of care to avoid such harm.

65. Union Pacific is informed and believes, and thereon alleges, that the City failed to act with reasonable care by releasing Waste at or from the Landfill onto the Property, failing to prevent the release of Waste at or from the Landfill onto the Property and/or failing to abate the encroachment or migration of Waste at, on and/or under the Property. Union Pacific is informed and believes, and thereon alleges, that the City failed to take action to abate, contain and/or remediate the Waste.

88151-00026/1717263.2

injunction, directing the City to cease and desist from and otherwise discontinue the wrongful use and occupation;

7. <u>On the second, fourth and ninth claim for relief for declaratory relief</u>: For a judicial determination and declaration that the City is solely and entirely liable for costs in connection with removing the Waste and cleaning up the Property including, without limitation, site assessment, site characterization, site investigation, and cleanup costs in connection with the Waste from the Landfill, and for retention of jurisdiction of this action by this Court after entry of such requested declaratory judgment to enable this Court to grant such further relief as may be necessary or proper to effectuate the declaration of this Court;

8. For attorneys' fees;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

DATED: January 15, 2010

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
DAVID E. CRANSTON
Attorneys for Plaintiff UNION
PACIFIC RAILROAD COMPANY

17  COMPLAINT

88151-00026/1717263.2

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, Union Pacific hereby demands a jury trial.

DATED: January 15, 2010

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
DAVID E. CRANSTON
Attorneys for Plaintiff UNION
PACIFIC RAILROAD COMPANY

88151-00026/1717263.2